**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JESUS VALENCIA, AMALIO ORNELAS, and MARTIN CARRANZA on behalf of themselves and all other similarly situated persons, known and unknown,<br><br>Plaintiffs,<br><br>v.<br><br>DOMENIC VITRO d/b/a CLASSIC CREATIONS LANDSCAPE,<br><br>Defendant. | No. 07 C 0551<br><br>Judge Andersen<br>Magistrate Judge Cole |

**PLAINTIFFS' MOTION FOR JUDGMENT ORDER**

Plaintiffs seek the entry of the Judgment Order in the amount of $16,802.01. In further support of this Motion, Plaintiffs state as follows and submit the following documents:

1.      On May 10, 2007, the Court entered an Order of Default against Defendant and set a May 31, 2007 prove-up date.

2.      Attached hereto are the following documents:

a.      The Affidavit of Jesus Valencia. Plaintiff Valencia seeks $3,904.14 in owed overtime, unpaid wages, and liquidated damages (Exhibit A);

b.      The Affidavit of Martin Carranza. Plaintiff Carranza seeks $2,639.68 in owed overtime, unpaid wages, and liquidated damages (Exhibit B);

c.      The Affidavit of Amalio Ornelas. Plaintiff Ornelas seeks $3,905.60 in owed overtime, unpaid wages, and liquidated damages (Exhibit C);

d.      The Declarations of Douglas M. Werman, Maureen A. Bantz, Adriana P.

1

Rodriguez, and Cristina Calderon in support of their request for $6,352.59 in attorneys' fees and costs (Exhibits D, E, F, and G);.

      e.      A proposed Judgment Order (Exhibit H).

3.      For the reasons set forth in the Affidavits and Declarations attached hereto, Plaintiffs request a Judgment Order be entered in the amount of $16,802.01.

WHEREFORE, Plaintiffs request that the Court enter the Judgment Order attached hereto as Exhibit H.

Dated: May 21, 2007

Respectfully submitted,

s/Douglas M. Werman
Douglas M. Werman
Maureen A. Bantz
Werman Law Office, P.C.
77 W. Washington, Suite 1402
Chicago, Illinois 60602
(312) 419-1008

Attorneys for Plaintiffs

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| JESUS VALENCIA, AMALIO ORNELAS, and MARTIN CARRANZA on behalf of themselves and all other similarly situated persons, known and unknown, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 07 C 0551 |
| DOMENIC VITRO d/b/a CLASSIC CREATIONS LANDSCAPE, | ) ) ) | Judge Andersen |
| Defendant. | ) ) | |

## AFFIDAVIT OF JESUS VALENCIA

I, Jesus Valencia, being first duly sworn on oath, deposes and states under penalty of perjury the following:

1.    I am over 21 years old, I have personal knowledge of the following facts set forth herein, and if called to testify regarding said facts, I can testify competently.

2.    I was employed by Defendant Domenic Vitro d/b/a Classic Creations Landscape ("Defendant" or "The Company") between May 2, 2006 and October 16, 2006 as a landscaper. In June or July 2006, I missed two weeks of work due to a work related accident, and in August 2006, I missed two weeks of work due to an illness.

3.    The period between May 2, 2006 and October 16, 2006, less the four weeks I missed work due to a work related accident and an illness, is a total of 20 weeks.

4.    I routinely and customarily worked the following weekly schedule during the course of my employment with Defendants. Between Monday and Friday, I started my shift at 7:00 a.m. and worked until 6:30 p.m., and on Saturdays, I started my shift at 7:00 a.m. and worked until 4:30 p.m.

5. I routinely and customarily worked in excess of forty (40) hours each week I worked for the Company.

6. In approximately nine of those twenty weeks, I worked a six day work week, and during those weeks, I routinely and customarily worked sixty-five hours per week. In total, I worked 225 overtime hours in the weeks I worked a six day work week (9 weeks x 25 hours).

7. In approximately five of those twenty weeks, I worked a five day work week, and during those weeks, I routinely and customarily worked fifty-five hours per week. In total, I worked 75 overtime hours in the weeks I worked a five day work week (5 weeks x 15 hours).

8. In approximately four of those twenty weeks, I worked a four day work week, and during those weeks, I routinely and customarily worked forty-four hours per week. In total, I worked 16 overtime hours in the weeks I worked a four day work week ( 4 weeks x 4 hours).

9. In two of those twenty weeks, I did not work overtime for the Company.

10. During the course of my employment I worked a total of 316 overtime hours for the Company.

11. During the course of my employment by Defendant, I was paid $750.00 for each six day work week I worked for the Company.

12. During the course of my employment, I was not paid one and one half times my regular rate for the hours I worked in excess of forty (40) in individual work weeks. Instead, I was paid my regular straight-time rate for all the hours that I worked. I am owed, therefore, $5.77 for every hour that I worked in excess of forty (40) in individual work weeks (($750.00/65 hours)/2).

13. Inasmuch as I worked 316 overtime hours that I was only paid straight-time wages for, I am owed 1,823.32 in overtime wages (316 hours x $5.77).

14.     I alleged in the Complaint that Defendant's failure to pay me overtime pay was willful. As a result, I am owed another $1,823.32 in liquidated damages.

15.     During the course of my employment, the Company deducted $257.50 from my wages for uniform cleaning and insurance. I never authorized these deductions in writing or authorized the deductions at the time they were made by the Company.

16.     I am not suffering any impediments and am competent to testify to all of the foregoing.

17.     Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that she verily believes the same to be true.

18.     Spanish is my native language. This affidavit is written with the assistance of a Spanish translator.

FURTHER AFFIANT SAYETH NAUGHT.

Jesus valencia
Print name

Sign name

Dated: 05/14/07

I certify that I truly translated the foregoing Affidavit from English to Spanish by reading same in Spanish to Jesus Valencia on May 17, 2007.

Dated: 5-17-07

Subscribed and sworn to before me this 17th

day of May 2007.

_Maureen a Bantz_
Notary Public

"OFFICIAL SEAL"
Maureen A Bantz
Notary Public, State of Illinois
Commission Expires 2/16/2011

# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

JESUS VALENCIA, AMALIO ORNELAS,   )
and MARTIN CARRANZA on behalf of themselves)
and all other similarly situated persons, known   )
and unknown,   )
      )
      Plaintiffs,   )
      )
      v.   )   No. 07 C 0551
      )
DOMENIC VITRO d/b/a CLASSIC   )   Judge Andersen
CREATIONS LANDSCAPE,   )
      )
      Defendant.   )

## AFFIDAVIT OF MARTIN CARRANZA

I, Martin Carranza, being first duly sworn on oath, deposes and states under penalty of perjury the following:

1.    I am over 21 years old, I have personal knowledge of the following facts set forth herein, and if called to testify regarding said facts, I can testify competently.

2.    I was employed by Defendant Domenic Vitro d/b/a Classic Creations Landscape ("Defendant" or "The Company") between March 22, 2006 and June 13, 2006 as a landscaper.

3.    I routinely and customarily worked the following weekly schedule during the course of my employment with Defendants. Between Monday and Friday, I started my shift at 7:00 a.m. and worked until 6:30 p.m., and on Saturdays, I started my shift at 7:00 a.m. and worked until 4:30 p.m.

4.    I routinely and customarily worked in excess of forty (40) hours each week I worked for the Company.

5.    During the first three weeks of my employment, between March 22, 2006 and April 8,

2006, I worked 8 overtime hours for the Company. During that time, I was paid $550.00 for each six day work week I worked, or every sixty-five hours I worked.

6.     Thereafter, between April 9, 2006 and June 17, 2006, the Company paid me $650.00 for each six day work week I worked for the Company.

7.     The period between April 9, 2006 and June 17, 2006, is a total of 10 weeks.

8.     In six of those ten weeks, I worked a six day work week, and during those weeks, I routinely and customarily worked sixty-five hours per week. In total, I worked 150 overtime hours in those weeks. (6 weeks x 25 hours).

9.     In approximately two of those ten weeks, I worked a five day work week, and during those weeks, I routinely and customarily worked fifty-five hours per week. In total, I worked 30 overtime hours in those weeks. (2 weeks x 15 hours).

10.    In two of those ten weeks, I did not work overtime for the Company.

11.    During the course of my employment I worked a total of 188 overtime hours for the Company.

12.    During the course of my employment, I was not paid one and one half times my regular rate for the hours I worked in excess of forty (40) in individual work weeks. Instead, I was paid my regular straight-time rate for all the hours that I worked. I am owed, therefore, $4.23 for every hour that I worked in excess of forty (40) in individual work weeks during the first three weeks of my employment (($550.00/65 hours)/2), and am owed $5.00 for every hour that I worked in excess of forty (40) in individual work weeks during the rest of my employment (($650.00/65 hours)/2).

13.    Inasmuch as I worked 188 overtime hours that I was only paid straight-time wages

for, I am owed $933.84 in overtime wages( (180 hours x $5.00) + (8 hours x $4.23)).

14.    I alleged in the Complaint that Defendant's failure to pay me overtime pay was willful. As a result, I am owed another $933.84 in liquidated damages.

15.    The Company failed to pay me any wages for the time I worked in my second to last week of employment. The Company withheld my wages during that week because it claimed I lost part of my uniform. I never authorized that deduction in writing or authorized that deduction at the time it was made by the Company.

16.    In my second to last week of employment, I worked six days for the Company. The Company owes me $650.00 in wages for the work I performed in that week.

17.    During the course of my employment, the Company also deducted and additional $122.00 from my wages to pay for uniform cleaning and insurance. I never authorized these deductions in writing or authorized the deductions at the time they were made by the Company.

18.    I am not suffering any impediments and am competent to testify to all of the foregoing.

19.    Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that she verily believes the same to be true.

20.    Spanish is my native language. This affidavit is written with the assistance of a Spanish translator.

FURTHER AFFIANT SAYETH NAUGHT.

_MarTIN   CarraNZa_

Print name

_MarTIN   CarraNZa_

Sign name

Dated: _05/17/07_

I certify that I truly translated the foregoing Affidavit from English to Spanish by reading same in Spanish to Martin Carranza on May 17, 2007.

_[signature]_

Dated: _5-17-07_

Subscribed and sworn to before me this 17th

day of May 2007.

_[signature]_

Notary Public

"OFFICIAL SEAL."
Maureen A Bentz
Notary Public, State of Illinois
Commission Expires 2/16/2011

# EXHIBIT C

| | | |
|---|---|---|
| JESUS VALENCIA, AMALIO ORNELAS, | ) | |
| and MARTIN CARRANZA on behalf of themselves | ) | |
| and all other similarly situated persons, known | ) | |
| and unknown, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 07 C 0551 |
| | ) | |
| DOMENIC VITRO d/b/a CLASSIC | ) | Judge Andersen |
| CREATIONS LANDSCAPE, | ) | |
| | ) | |
| Defendant. | ) | |

## AFFIDAVIT OF AMALIO ORNELAS

I, Amalio Ornelas, being first duly sworn on oath, deposes and states under penalty of perjury the following:

1. I am over 21 years old, I have personal knowledge of the following facts set forth herein, and if called to testify regarding said facts, I can testify competently.

2. I was employed by Defendant Domenic Vitro d/b/a Classic Creations Landscape ("Defendant" or "The Company") between April 17, 2006 and November 8, 2006 as a landscaper.

3. The period between April 17, 2006 and November 8, 2006, is a total of 30 weeks.

4. I routinely and customarily worked the following weekly schedule during the course of my employment with Defendants. Between Monday and Friday, I started my shift at 7:00 a.m. and worked until 6:30 p.m., and on Saturdays, I started my shift at 7:00 a.m. and worked until 4:30 p.m.

5. I routinely and customarily worked in excess of forty (40) hours each week I worked for the Company.

6. In approximately fifteen weeks during the course of my employment, I worked a six

day work week, and during those weeks, I routinely and customarily worked sixty-five hours per week. In total, I worked 375 overtime hours in the weeks I worked a six day work week (15 weeks x 25 hours).

7.      In approximately six weeks during the course of my employment, I worked a five day work week, and during those weeks, I routinely and customarily worked fifty-five hours per week. In total, I worked 90 overtime hours in the weeks I worked a five day work week (6 weeks x 15 hours).

8.      In approximately two weeks during the course of my employment, I worked a four day work week, and during those weeks, I routinely and customarily worked forty-four hours per week. In total, I worked 8 overtime hours in the weeks I worked a four day work week (2 weeks x 4 hours).

9.      In four of those weeks, I did not work overtime for the Company.

10.     The Company does not owe my any overtime wages for the time I worked in my last three (3) weeks of employment.

11.     During the course of my employment I worked a total of 473 overtime hours for the Company.

12.     During the course of my employment by Defendant, I was paid $500.00 for each six day work week I worked for the Company.

13.     During the course of my employment, I was not paid one and one half times my regular rate for the hours I worked in excess of forty (40) in individual work weeks. Instead, I was paid my regular straight-time rate for all the hours that I worked. I am owed, therefore, $3.85 for every hour that I worked in excess of forty (40) in individual work weeks (($500.00/65 hours)/2).

14.     Inasmuch as I worked 473 overtime hours that I was only paid straight-time wages

for, I am owed $1,821.05 in overtime wages (473 hours x $3.85).

15.    I alleged in the Complaint that Defendant's failure to pay me overtime pay was willful. As a result, I am owed another $1,821.05 in liquidated damages.

16.    During the course of my employment, the Company deducted $263.50 from my wages to pay for uniform cleaning and insurance. I never authorized that deduction in writing or authorized that deduction at the time it was made by the Company.

17.    I am not suffering any impediments and am competent to testify to all of the foregoing.

18.    Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that she verily believes the same to be true.

19.    Spanish is my native language. This affidavit is written with the assistance of a Spanish translator.

FURTHER AFFIANT SAYETH NAUGHT.

_____Amalio ornelas_____
Print name

_____Amalio ornelas_____
Sign name

Dated:  5-17-07

I certify that I truly translated the foregoing Affidavit from English to Spanish by reading same in Spanish to Amalio Ornelas on May 17, 2007.

_____Cristina Calderin_____

Dated: 5-17-07

Subscribed and sworn to before me this 17th
day of May 2007.

Maureen A Banz

Notary Public



# EXHIBIT D

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

JESUS VALENCIA, AMALIO ORNELAS,     )
and MARTIN CARRANZA on behalf of themselves)
and all other similarly situated persons, known    )
and unknown,     )
    )
         Plaintiffs,     )
    )
      v.     )     No. 07 C 0551
    )
DOMENIC VITRO d/b/a CLASSIC     )     Judge Andersen
CREATIONS LANDSCAPE,     )
    )
        Defendant.     )

## DECLARATION OF DOUGLAS M. WERMAN

Douglas M. Werman, being first duly sworn on oath, deposes and states under penalty of perjury the following:

1.      I was admitted to practice law in the State of Illinois in 1990. Between 1990 and 1997, I was an associate in the law firm of Fox and Grove, Chartered in Chicago, Illinois. Between February 1997 and April, 2001, I was a partner with the Chicago and Los Angeles law firm of Barlow, Kobata & Denis. Since April, 2001, I have been a principal in Werman Law Office, P.C. f/k/a Law Offices of Douglas M. Werman. During the entire course of my legal practice, I have practiced primarily in the area of labor and employment law. Since 2001, my practice has been highly concentrated in representing employees in Fair Labor Standards Act ("FLSA") cases in the State and Federal Courts.

2.      I am admitted to practice before the following courts: the United States Court of Appeals for the Seventh Circuit, the United States District Courts for the Northern and Central

District of Illinois, the United States District Court for the Northern District of Indiana, and the United States District Court for the Western District of Michigan.

3. As the principal in Werman Law Office, P.C. f/k/a Law Offices of Douglas M. Werman, over 95% of my legal work involves federal court litigation of FLSA cases in which employees seek to collect unpaid minimum and/or overtime wages.

4. Since January, 2000, I have been lead counsel in almost four hundred (400) FLSA and Illinois Minimum Wage Law cases filed in the Northern and Central Districts of Illinois and the Circuit Court of Cook County. The majority of these cases proceeded as collective actions under §216(b) of the FLSA and/or set forth class claims under the Illinois Minimum Wage Law and Illinois Wage Payment and Collection Act. On information and belief, I am among the most experienced FLSA practitioners in this judicial district. I am counsel or co-counsel in nationwide wage and hour class action litigation in cases pending throughout the United States, including Washington State and the United States Court of Claims. I am a 2007 chapter editor for the leading treatise on the Fair Labor Standards Act; "Ellen C. Kearns, The Fair Labor Standards Act, (1999).

5. The attorneys' fee time sought in this case is recorded and billed as follows: each day I keep a contemporaneous record of the time I work on various projects/files for various clients. This information is kept on a software program — commonly known as "Timeslips 2005" — that is loaded onto a Werman Law Office, P.C. computer. The Timeslips file created for the instant litigation is named "Valencia, Jesus." Beginning with my initial consultation with Plaintiffs, whenever I or my staff have performed work on behalf of Plaintiffs in connection with their FLSA action against Defendants, we have made entries in the Timeslip program. These entries consist of a description of the work we performed on the date of the entry as well as the

2

amount of time we spent during the day in performing the work described. A true and correct record of the time expended on this case is attached hereto as Attachment 1.

6.      As set forth in paragraph 4 above, I have been involved as attorney of record in almost 400 FLSA actions filed in the Northern and Central District of Illinois and the Circuit Court of Cook County since January, 2000. I believe that based on my skill and experience, my reasonable hourly rate is $425.00 per hour.

7.      On April 11, 2007, Judge Kocoras awarded me the hourly rate of $425.00 per hour in the case of *Jorge Santana, et al. v. John & Sons Body Shop, Inc., et al.,* Case No. 06 C 2516. On December 14, 2006, Judge Manning awarded me the hourly rate of $425.00 per hour in the case of *Luis Avalos, et al. vs. Industrial Freight & Maintenance, Inc., et al.,* Case No. 06 C 4311. On September 26, 2006, Judge Kocoras awarded me the hourly rate of $425.00 per hour in the case of *Maria Teresa Ramirez vs. Nari Sushi, et al.,* Case No. 06 C 1651. On September 21, 2006, Judge St. Eve awarded me $425.00 per hour in *Gerardo Monarrez vs. Nationwide Foods, Inc.,* Case No. 04 C 3529. On August 30, 2006, Judge Moran awarded me the hourly rate of $425.00 per hour in the case of *Ramiro Zuniga vs. Prickly Pear Foods, Inc., et al.,* Case No. 05 C 5591. On August 29, 2006, Judge Amy St. Eve awarded me $425.00 per hour in *Mirna Calderon vs. Dollar Spot Plus, Inc.,* Case No. 06 C 2028.

8.      In May, 2003, I was awarded by a United Way Member Agency the 2002 William J. Castillo Humanitarian Award for my pro bono work in representing low wage workers in the Hispanic community. In the majority of my cases, including this one, I advance the costs of the litigation for such clients and do not charge the client contingent fee. Instead, I either receive my fee through settlement or through a fee determined by the Court.

9.    Since October 17, 2006, my firm has spent 27.84 hours on this matter. Of that time, I spent 4.33 hours on this case between October 17, 2006 and May 17, 2007. I also incurred $444.25 in costs during this time period. See Attachment 1, attached hereto. At an hourly rate of $425.00, my fees for work performed during the above period amount to $1,841.67.

10.    My associate, Maureen A. Bantz, spent 11.33 hours on this case between March 23, 2007 and May 21, 2007. At an hourly rate of $230.00, her fees for work performed during the above period amounts to $2,606.67.

11.    My paralegal, Adriana Rodriguez, spent 2.33 hours on this case between January 31, 2007 and May 11, 2007. At an hourly rate of $120.00, her fees for work performed during the above period amounts to $280.00.

12.    My paralegal, Cristina Calderon, spent 4.67 hours on this case between April 26, 2007 and May 17, 2007. At an hourly rate of $120.00, her fees for work performed during the above period amounts to $560.00.

13.    My paralegal, Jacqueline Villanueva, spent 5.18 hours on this case between October 17, 2006 and April 9, 2007. At an hourly rate of $120.00, her fees for work performed during the above period amounts to $620.00.

14.    If the Court grants both the hours and the hourly rates requested, after the exclusions and discounts already made by counsel, Plaintiffs will be entitled to an award of attorneys' fees in the amount of $5,908.34.

15.    I am not suffering any impediments and am competent to testify to all of the foregoing.

16.    Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and

4

correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

FURTHER AFFIANT SAYETH NAUGHT.

Douglas M. Werman

I declare under penalty of perjury that the foregoing is true and correct.

May 21, 2007

Douglas M. Werman

# ATTACHMENT 1

Werman Law P.C.
77 W. Washington, Suite 1402
Chicago, IL 60602
FEIN #20-3042887


Invoice submitted to:
Jesus Valencia


May 21, 2007


Professional Services

|  |  |  | Hrs/Rate | Tax# | Amount |
|---|---|---|---|---|---|
| 10/17/2006 - | JV | Translate at initial meeting for D. Werman. | 0.50<br>$120.00/hr | | $60.00 |
| 11/24/2006 - | DW | Draft complaint | 1.00<br>$425.00/hr | | $425.00 |
| 12/4/2006 - | JV | Draft Complaint. | 0.50<br>$120.00/hr | | $60.00 |
| 12/8/2006 - | JV | Meeting with Martin Carranza. | 0.67<br>$120.00/hr | | $80.40 |
| 12/10/2006 - | DW | Research corp info; review file documents; review and revise complaint | 1.00<br>$425.00/hr | | $425.00 |
| 12/13/2006 - | JV | Phone call to client regarding additional information needed to file complaint. | 0.17<br>$120.00/hr | | $20.40 |
| 1/24/2007 - | JV | Review and revise complaint to add IWPCA claims. | 0.67<br>$120.00/hr | | $80.40 |
| 1/26/2007 - | DW | Phone call with US DOL; draft complaitn | 1.00<br>$425.00/hr | | $425.00 |
| - | JV | Review and revise complaint; prepare Appearance and Ciivil Cover Sheet. | 0.67<br>$120.00/hr | | $80.40 |
| 1/28/2007 - | DW | Draft letter to USDOL | 0.50<br>$425.00/hr | | $212.50 |

| | | | Hrs/Rate | Tax# | Amount |
|---|---|---|---|---|---|
| 1/29/2007 - | JV | Review and revise complaint and prepare same for filing; | 0.50 $120.00/hr | | $60.00 |
| 1/31/2007 - | APR | Telephone conference with Martin Carranza in re received a W2 form and a 1099 from the same company. | 0.33 $120.00/hr | | $39.60 |
| 2/1/2007 - | JV | Preparation of Notice of Lawsuite and Waiver of Service of Summons; send same via certified mail. | 0.50 $120.00/hr | | $60.00 |
| 2/2/2007 - | JV | Preparation of Attorney's Lien, mail same via certified mail. | 0.33 $120.00/hr | | $39.60 |
| 3/23/2007 - | MB | Review file | 0.17 $230.00/hr | | $39.10 |
| - | JV | Preparation of summons for Defendant; letter to Stern regarding service of same. | 0.50 $120.00/hr | | $60.00 |
| 3/26/2007 - | MB | Review waiver of service of summons | 0.17 $230.00/hr | | $39.10 |
| 4/9/2007 - | JV | Preparation of Executed Summons for Defendant for filing and e-file same. | 0.17 $120.00/hr | | $20.40 |
| 4/26/2007 - | CC | Reviewed file and drafted Motion for Default. | 0.67 $120.00/hr | | $80.40 |
| 4/27/2007 - | DW | Draft motion for default | 0.50 $425.00/hr | | $212.50 |
| 4/30/2007 - | CC | Revised 1st Draft of Motion for Default | 0.83 $120.00/hr | | $99.60 |
| 5/2/2007 - | CC | Reviewed file. Prepared COS and NOM for Motion for Default. | 0.50 $120.00/hr | | $60.00 |
| - | CC | e-filed Motion for Default | 0.33 $120.00/hr | | $39.60 |
| 5/9/2007 - | MB | Preparation for court | 0.33 $230.00/hr | | $75.90 |
| 5/10/2007 - | MB | Court Appearance | 1.00 $230.00/hr | | $230.00 |
| - | MB | Review file, perform damage calc, prepare prove-up | 0.33 $230.00/hr | | $75.90 |
| - | APR | Telephone conference with clients in re info for prove-up documents. | 0.50 $120.00/hr | | $60.00 |

| | | | Hrs/Rate | Tax# | Amount |
|---|---|---|---|---|---|
| 5/11/2007 - | APR | Reviewed damage calculations. | 1.50<br>$120.00/hr | | $180.00 |
| 5/14/2007 - | MB | Review file and prepare prove-up docs | 2.50<br>$230.00/hr | | $575.00 |
| - | MB | Draft prove up docs | 0.17<br>$230.00/hr | | $39.10 |
| - | CC | Phone call from client with MAB. | 0.17<br>$120.00/hr | | $20.40 |
| 5/16/2007 - | MB | Draft Affidavits | 1.33<br>$230.00/hr | | $305.90 |
| 5/17/2007 - | DW | Meeting with MAB; review and revise prove up stips | 0.33<br>$425.00/hr | | $140.25 |
| - | MB | Draft Martin Caranza Affidavit | 1.00<br>$230.00/hr | | $230.00 |
| - | MB | Meeting with Clients, draft Affidavits | 2.33<br>$230.00/hr | | $535.90 |
| - | CC | Meeting with clients; translated meeting between MAB and clients; translated each clients declarations. | 2.17<br>$120.00/hr | | $260.40 |
| 5/21/2007 - | MB | Draft prove up docs, attorney affidavits | 2.00<br>$230.00/hr | | $460.00 |
| | | For professional services rendered | 27.84 | | $5,907.75 |

Additional Charges :

| | | | Qty/Price | | |
|---|---|---|---|---|---|
| 11/7/2006 - | JV | Lexis | 1<br>7.25 | | $7.25 |
| 1/29/2007 - | JV | | 1<br>350.00 | | $350.00 |
| - | JV | | 1<br>15.00 | | $15.00 |
| - | JV | Copying cost | 1<br>7.41 | | $7.41 |
| 1/30/2007 - | JV | Postage | 1<br>0.87 | | $0.87 |

| Date | | | Description | Qty/Price | Tax# | Amount |
|------|---|---|-------------|-----------|------|--------|
| 2/1/2007 | - | JV | Lexis | 1<br>1.86 | | $1.86 |
| 2/2/2007 | - | JV | Postage | 1<br>5.36 | | $5.36 |
| 3/23/2007 | - | JV | Postage | 1<br>0.87 | | $0.87 |
| 4/23/2007 | - | JV | Service Fee from Stern's office to serve Defendant. | 1<br>55.00 | | $55.00 |
| 5/2/2007 | - | CC | Postage | 1<br>0.63 | | $0.63 |

Total costs $444.25

# EXHIBIT E

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

JESUS VALENCIA, AMALIO ORNELAS, )
and MARTIN CARRANZA on behalf of themselves)
and all other similarly situated persons, known )
and unknown, )
                      )
         Plaintiffs, )
                      )
       v. )    No. 07 C 0551
                      )
DOMENIC VITRO d/b/a CLASSIC )    Judge Andersen
CREATIONS LANDSCAPE, )
                      )
        Defendant. )

## DECLARATION OF MAUREEN A. BANTZ

Maureen A. Bantz, being first duly sworn on oath, deposes and states under penalty of perjury the following:

1.     I was admitted to practice law in the State of Illinois on November 9, 2006. Since August 2006 to the present, I have been an associate at the law firm of Werman Law Office, P.C. Prior to that time, between January 2006 and August 2006, I was a law clerk at the same law firm, Werman Law Office, P.C. Between August 2005 and December 2005, I externed for the United States Equal Employment Opportunity Commission. Between June 2005 and August 2005, I was a summer associate in the City of Chicago's Summer Law Clerk Program.

2.     I am admitted to practice before the United States District Court for the Northern District of Illinois.

3.     I graduated from DePaul University College of Law in May 2006 *summa cum laude* (top 5%) and was elected into the Order of the Coif. While a law student at DePaul University College of Law, I was a member of the Moot Court Society, Appellate Court Team. I

1

participated in two moot court competitions, the 2005 August A. Rendigs, Jr. National Products Liability Moot Court Competition and the 2006 Robert F. Wagner National Labor and Employment Law Moot Court Competition. I was a Quarter-Finalist among the thirty-eight teams that competed in the 2006 Wagner National Labor and Employment Law Moot Court Competition. I also received the highest grade and the CALI Award for Excellence in the following legal courses: Legal Writing I, Legal Writing II, and Secured Transactions.

4.      As an associate at Werman Law Office, P.C., the majority of my legal work involves federal court litigation of FLSA cases in which employees seek to collect unpaid minimum and/or overtime wages.

5.      The attorneys' fee time sought in this case is recorded and billed as follows: each day I keep a contemporaneous record of the time I work on various projects/files for various clients. This information is kept on a software program — commonly known as "Timeslips 2005" — that is loaded onto a Werman Law Office, P.C. computer. The Timeslips file created for the instant litigation is named "Valencia, Jesus." Whenever I have performed work on behalf of Plaintiffs in connection with their FLSA action against Defendant, I have made entries in the Timeslip program. These entries consist of a description of the work I performed on the date of the entry as well as the amount of time I spent during the day in performing the work described.

6.      Based on the reasonable hourly rates of comparable attorneys, I believe my reasonably hourly rate is $230.00 per hour.

7.      On April 11, 2007, Judge Kocoras awarded me the hourly rate of $230.00 per hour in the case of *Jorge Santana, et al. v. John & Sons Body Shop, Inc., et al.,* Case No. 06 C 2516.

8.    Since March 23, 2007, I have spent 11.33 hours on this matter. At an hourly rate of $230.00, my fees for work performed during the above period amount to $2,606.67.

9.    I am not suffering any impediments and am competent to testify to all of the foregoing.

10.    Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that she verily believes the same to be true.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Maureen A. Bantz

I declare under penalty of perjury that the foregoing is true and correct.

May 21, 2007

_____
Maureen A. Bantz

3

# EXHIBIT F

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

JESUS VALENCIA, AMALIO ORNELAS,   )
and MARTIN CARRANZA on behalf of themselves)
and all other similarly situated persons, known   )
and unknown,   )
  )
        Plaintiffs,   )
  )
        v.   )    No. 07 C 0551
  )
DOMENIC VITRO d/b/a CLASSIC   )    Judge Andersen
CREATIONS LANDSCAPE,   )
  )
        Defendant.   )

## DECLARATION OF ADRIANA P. RODRIGUEZ

I, Adriana Rodriguez, being first duly sworn on oath, deposes and states under penalty of perjury the following:

1.    I am a 2003 college graduate of the University of Purdue-Calumet. I was awarded a B.A. degree in Communication. I have worked as a paralegal since 2001. Since October, 2005, I have been employed as a paralegal by Werman Law Office, P.C. In my capacity as a paralegal for Werman Law Office, P.C., I have worked on the captioned case and, if called as a witness, I could and would testify to them.

2.    On April 11, 2007, Judge Kocoras awarded me the hourly rate of $120.00 per hour in the case of *Jorge Santana, et al. v. John & Sons Body Shop, Inc., et al.,* Case No. 06 C 2516. On December 14, 2006, Judge Manning awarded me the hourly rate of $120.00 per hour in the case of *Luis Avalos, et al. vs. Industrial Freight & Maintenance, Inc., et al.,* Case No. 06 C 4311.

1

3.     Between October 17, 2006 and May 21, 2007, I have spent 2 hours and 20 minutes on this matter.  At an hourly rate of $120.00, my fees for work performed during the above period amounts to $280.00.

4.     I am not suffering any impediments and am competent to testify to all of the foregoing.

5.     Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that she verily believes the same to be true.

FURTHER AFFIANT SAYETH NAUGHT.

*Adriana Rodriguez*
Adriana P. Rodriguez

I declare under penalty of perjury that the foregoing is true and correct.


May 21, 2007                    *Adriana Rodriguez*
                               Adriana P. Rodriguez

# EXHIBIT G

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| JESUS VALENCIA, AMALIO ORNELAS, and MARTIN CARRANZA on behalf of themselves and all other similarly situated persons, known and unknown, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 07 C 0551 |
| DOMENIC VITRO d/b/a CLASSIC CREATIONS LANDSCAPE, | ) ) ) | Judge Andersen |
| Defendant. | ) ) | |

## DECLARATION OF CRISTINA CALDERON

Cristina Calderon, being first duly sworn on oath, deposes and states under penalty of perjury the following:

1. I have been employed as a paralegal at Werman Law Office, P.C. since February 14, 2007. From May 2005 through December 2006, I was employed as an A/R account manager at Reliance Trading Corporation. From February 2003 through January 2005, I was employed as a bookkeeper at Ultra Foods. In August 2007, I will acquire an Associate in Science Degree with concentration on Accounting.

2. Between April 26, 2007 and May 17, 2007, I have spent 4.67 hours on this matter. At an hourly rate of $120.00, my fees for work performed during the above period amounts to $560.40.

3. I am not suffering any impediments and am competent to testify to all of the foregoing.

1

4.    Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that she verily believes the same to be true.

FURTHER AFFIANT SAYETH NAUGHT.

_Cristina Calderon_
Cristina Calderon

I declare under penalty of perjury that the foregoing is true and correct.

May 21, 2007
_Cristina Calderon_
Cristina Calderon

# EXHIBIT H

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

JESUS VALENCIA, AMALIO ORNELAS,    )
and MARTIN CARRANZA on behalf of themselves)
and all other similarly situated persons, known    )
and unknown,    )
   )
         Plaintiffs,    )
   )
      v.    )    No. 07 C 0551
   )
DOMENIC VITRO d/b/a CLASSIC    )    Judge Andersen
CREATIONS LANDSCAPE,    )
   )
         Defendant.    )

## ORDER

This matter coming before the Court for a prove-up of Plaintiffs' damages following entry of an Order of Default against Defendant, Notice having been given to Defendant, the Court having reviewed the Affidavits of Plaintiffs, and hearing testimony in open Court,

IT IS HEREBY ORDERED that Plaintiffs are awarded judgment as follows:

1. Plaintiff Jesus Valencia is awarded Judgment against Defendant in the amount of $3,904.14;

2. Plaintiff Martin Carranza is awarded Judgment against Defendant in the amount of $2,639.68;

3. Plaintiff Amalio Ornelas is awarded Judgment against Defendant in the amount of $3,905.60;

3. Plaintiffs' Counsel, Werman Law Office, P.C., is awarded attorneys' fees in the total amount $5,908.34 and costs in the amount of $444.25. (Douglas Werman, 4.33/hrs @ $425.00/hour; Maureen A. Bantz, 11.33/hrs @ $230.00/hour; Adriana P. Rodriguez, 2.33/hrs @ $120.00/hour; Cristina Calderon, 4.67hrs @ $120.00/hour; Jacqueline Villanueva, 5.18 hrs @ 120.00/hour).

ENTERED:

_____
Judge Wayne R. Andersen
United States District Court

# CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a true and correct copy of the foregoing **Plaintiff's Motion for Judgement Order** was served via electronic mail on May 21, 2007 on:

James E. O'Halloran
Leon E. Farbman
Deutsch, Levy, & Engel, Chartered
225 W. Washington Street, Suite 1700
Chicago, IL 60606

s/Douglas M. Werman
Douglas M. Werman